1 | RONALD M. GREENBERG, ESQ. (State Bar No. 035953)
rgreenberg@dykema.com
2 | RONALD M. GREENBERG,
   A PROFESSIONAL CORPORATION
3 | 333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
4 | Telephone: (213) 457-1749
Facsimile: (213) 457-1850
5 |
PETER J. MARCUS, ESQ. (State Bar No. 202602)
6 | pmarcus@bcrslaw.com
BERKES CRANE ROBINSON & SEAL LLP
7 | 515 South Figueroa Street, Suite 1500
Los Angeles, California 90071
8 | Telephone: (213) 955-1150
Facsimile: (213) 955-1155
9 |
JANET A. SHAPIRO, ESQ. (State Bar No. 126974)
10 | shapirofirm@aol.com
THE SHAPIRO LAW FIRM
11 | 212 S. Gale Drive
Beverly Hills, California 90211
12 | Telephone: (323) 852-0333
Facsimile: (323) 852-0336
13 |
Attorneys for APPELLANTS
14 | MICHAEL ACKERMAN AND FLOYD KURILOFF

15 | **UNITED STATES DISTRICT COURT**

16 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17 |

| | |
|---|---|
| 18 IN RE: | Case No. CV10-7222 GW |
| 19 JOSE EBER | *Hon. George H. Wu* |
| 20 DEBTOR | |
| 21 MICHAEL ACKERMAN AND | Bankruptcy Court Case No. |
| 22 FLOYD KURILOFF | 2:09-bk-25103 BR |
| 23 APPELLANTS | Adversary Case No. |
| 24 v. | N/A |
| 25 JOSE EBER | |
| 26 APPELLEE | **APPELLANTS' OPENING BRIEF** |
| 27 | |
| 28 | |

# I.

## BASIS OF JURISDICTION

When a court rules on a motion that became moot prior to the court's ruling, jurisdiction exists to vacate the ruling from which the appeal is taken and to dismiss the appeal as moot. *Scruggs v. Lowman (In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004).

# II.

## STATEMENT OF ISSUE AND STANDARD OF REVIEW

Whether Appellants' Motion for Relief from the Automatic Stay Under 11 U.S.C, § 362 ("Motion for Relief from Stay") became moot prior to the Bankruptcy Court's ruling on the Motion for Relief from Stay, thus divesting the Bankruptcy Court of jurisdiction to rule on the Motion for Relief from Stay.

Whether the Bankruptcy Court erred as a matter of law in denying Appellants' Motion to Vacate Order ("Motion to Vacate") on the Motion for Relief from Stay.

Issues pertaining to jurisdiction are reviewed *de novo.  Hicks v. Small,* 69 F.3d 967, 969 (9th Cir. 1995).  Likewise, questions of mootness are reviewed *de novo.  Williams v. U.S. General Services Admin.,* 905 F.2d 308, 310 (9th Cir. 1990).

# III.

## STATEMENT OF CASE

Appellants' Motion for Relief from Stay was filed in the Chapter 7 bankruptcy case ("Bankruptcy Case") of debtor Jose Eber ("Debtor" or "Appellee"). Prior to Appellee filing his Bankruptcy Case, Appellants commenced an arbitration with the American Arbitration Association in New York pursuant to a written agreement between the Appellants and Appellee.  The essence of Appellants' claim is that they were induced by Appellee to invest in a hair salon business in Las Vegas through Appellee's fraud and breach of fiduciary duty owed to Appellants by virtue of Appellants and Appellee being each one-third managing members of a joint

1 | venture referred to as JEFAM and as to Appellant Ackerman because of another
2 | joint venture he was in with Appellee. ("Claim").

3 |      Subsequent to Appellants commencing arbitration, Appellee filed his
4 | Bankruptcy Case, which resulted in an automatic stay of the arbitration proceeding
5 | pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code.[1]  Appellants thereafter filed
6 | a complaint to determine whether their Claim was non-dischargeable pursuant to §§
7 | 523(a)(2)(4) and (6).

8 |      While the automatic stay was in effect, Appellants filed their Motion for
9 | Relief from Stay so that they could proceed with the pending arbitration to
10 | determine liability and damages.  Prior to the Motion for Relief from Stay being
11 | heard, Appellee received an order discharging his debts under § 727 ("Discharge
12 | Order"), thus terminating the automatic stay pursuant to § 362(c)(2)(C).  At the time
13 | of the hearing on the Motion for Relief from Stay, Appellee's Discharge Order was
14 | never mentioned.  The Bankruptcy Court denied the Motion for Relief from Stay,
15 | and entered an Order to that effect.

16 |      Thereafter, Appellants concluded that because the Discharge Order occurred
17 | prior to the hearing on the Motion for Relief from Stay, the Motion for Relief from
18 | Stay became moot and the Bankruptcy Court had no jurisdiction to rule on the
19 | Motion for Relief from Stay.  The Bankruptcy Court should have taken the Motion
20 | for Relief from Stay off calendar as moot.

21 |      In light of this belief, Appellants filed in the Bankruptcy Case their Motion to
22 | Vacate and in the adversary proceeding a Motion to Compel Arbitration and to Stay
23 | Adversary Proceeding ("Motion to Compel").  At the hearing on May 25, 2010, the
24 | Bankruptcy Court denied both motions and subsequently entered Orders to that
25 |
26 | [1]  Unless otherwise stated, references to "section" are to the Bankruptcy Code, 11
27 | U.S.C. §§ 101, *et seq.*
28 |

1  effect. Appellants have timely appealed both of these Orders.[2]

2       The distinct issue with respect to the appeal of the Orders denying the Motion

3  for Relief from Stay and the Motion to Vacate is whether the Bankruptcy Court had

4  jurisdiction to deny the Motion for Relief from Stay because of the Discharge Order

5  and whether the Bankruptcy Court erred in not granting the Motion to Vacate.

6  **IV.**

7  **STATEMENT OF FACTS**

8      1.    On May 21, 2009, Appellants commenced an arbitration against

9          Appellee in New York pursuant to a written agreement. Appellants'

10         Appendix, No. 1. Dkt. No. 27, Exh. A.[3]

11     2.    On June 16, 2009, Appellee filed his Chapter 7 Voluntary Petition. *Id.,*

12         No. 2, Dkt. No. 1.

13     3.    On September 8, 2009, Appellants filed their Complaint Re

14         Dischargeability. *Id.,* No. 3, Dkt. No. 1.

15     4.    On December 23, 2009, Appellants filed their Motion for Relief from

16         Stay. *Id.,* No. 4, Dkt. No. 52.

17     5.    On March 4, 2010, Appellee was discharged. *Id.,* No. 5, Dkt. No. 61.

18     6.    On March 22, 2010, a hearing was held in which the Bankruptcy Court

19         denied Appellants' Motion for Relief from Stay and issued an Order

20         thereon. *Id.,* No. 6, Dkt. No. 67.

21     7.    On April 1, 2010, Appellants filed their Motion to Vacate. *Id.,* No. 7,

22         Dkt. No. 71.

23     8.    On April 1, 2010, Appellants filed their Motion to Compel. *Id.,* No. 8,

24         Dkt. No. 15.

25

26 [2]  The appeal re Motion to Compel is Case No. CV10-4974 GW and is set for oral
    argument on October 25, 2010.

27 [3]  See Request for Judicial Notice filed herewith.

28

4

9.   On May 25, 2010, a hearing was held in which the Bankruptcy Court denied Appellants' Motion to Vacate and Motion to Compel (RT Docket No. 31). *Id.* No. 9, Reporter's Transcript, Dkt. No. 31.

10.  On June 10, 2010, the Bankruptcy Court signed and filed its Order Denying Motion to Compel. *Id.,* No. 10, Dkt. No. 32.

11.  On June 23, 2010, Appellants filed their Notice of Appeal re the denial of their Motion to Compel. *Id.,* No. 11, Dkt. No. 34.

12.  On June 30, 2009, the Bankruptcy Court filed its Order Denying Motion to Vacate. *Id.,* No. 12, Dkt. No. 78.

13.  On July 13, 2010, Appellants filed their Notice of Appeal re the denials of their Motion for Relief from Stay and Motion to Vacate. *Id.,* No. 13, Dkt. No. 80.

## V.

## ARGUMENT

On March 4, 2010, Debtor received his Discharge Order. Upon the Chapter 7 discharge, issues regarding the automatic stay became moot. Applicable law dictates that when a matter has become moot, the court lacks jurisdiction to subsequently rule upon the matter and, if it does rule, its ruling will be vacated on appeal. *Scruggs v. Lowman (In re Scruggs),* 392 F.3d 124, 128 (5th Cir. 2004).

In *Scruggs*, the Bankruptcy Court had granted a motion to lift the automatic stay so as to allow a pending state court action to be completed. The Debtors appealed that ruling to the District Court. While that appeal was pending, the state court action was completed and it became final.

Subsequently, the District Court reversed the Bankruptcy Court's order lifting the stay and ordered the stay reinstated. That order was appealed by the party who had prevailed in the Bankruptcy Court on lifting the stay. However, by that time the state court action had become final. Reinstating the stay could have no effect on the finality of the state court judgment.

1    While both appeals were pending, the Debtors' case was discharged, thereby
2  resulting in the expiration of the automatic stay. In the Court of Appeal, both sides
3  moved to dismiss their respective appeals as moot. However, the reasons given
4  differed.

5    The Debtors argued that on the date of discharge, and not before, the
6  automatic stay expired and the appeal is, therefore, moot. As such, the District
7  Court's order reversing the Bankruptcy Court's order is final, thus rendering the state
8  court judgment a nullity.

9    Lowman, the party who prevailed in the Bankruptcy Court, also argued that
10 the appeal was moot. In addition, she argued that the District Court's order
11 reversing the Bankruptcy Court's order lifting the stay should be vacated because the
12 issue involved was moot when the District Court entered its order. The mootness
13 resulted from the fact that the state court judgment, which was the subject of the
14 motion to lift the automatic stay, became final before the District Court's decision.

15   The Court of Appeal began its analysis by stating: "A moot case presents no
16 Article III case or controversy, and a court has no constitutional jurisdiction to
17 resolve the issues it presents." *Id.* at 128. The court went on to adopt Lowman's
18 position and vacated the District Court's order as having been made at a time when
19 the issue was moot.

20   In this case, we do not have the complexity in *Scruggs*. Rather, just as all
21 parties in *Scruggs* agreed that the latest point in time when a motion regarding the
22 automatic stay would be rendered moot was when the Debtors were discharged. In
23 this matter the parties agree that the date of discharge was March 4, 2010. That is
24 when the Motion for Relief from Stay became moot. Any ruling on lifting the
25 automatic stay made after that date, in this case March 22, 2010, was made without
26 jurisdiction. As stated in *Scruggs, Id.* at 129:

27        "It is axiomatic that the controversy between these parties
28        could not have become "more moot" as a result of the

APPELLANTS' OPENING BRIEF

1      subsequent evaporation of the automatic stay when, more

2      than a year after the Florida judgment became final and no

3      longer appealable, the Debtors were discharged under

4      Chapter 7: There is no such thing as being a little bit

5      moot. Under the doctrine of mootness, the district court

6      no longer had jurisdiction to entertain Debtors' appeal

7      from the Bankruptcy Court's order of October 2, 2002

8      once the Florida judgment became final two months later.

9      Stated differently, the matter became moot on December

10      2, 2002, *before* the district court's 2003 order purporting to

11      reverse the Bankruptcy Court, and *before* the Debtors'

12      2003 discharge under Chapter 7. As we recognized in

13      *Goldin,* when a matter on appeal is determined to have

14      become moot, not merely prior to or during the appeal but

15      prior to the date of the order being appealed from, we must

16      dismiss as moot the appeal before us *and* vacate as moot

17      the ruling from which the appeal was sought. That is the

18      course we are compelled to take today.

19      When a court lacks subject matter jurisdiction to consider a matter, an order

20 pertaining to that matter is void. *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct.

21 2641, 162 L.Ed.2d 480 (2005) ("Rule [60(b)] preserves parties' opportunity to

22 obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction …");

23 *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) ("A judgment may

24 indeed be void, and therefore subject to relief under [Rule] 60(b)(4), if the court that

25 rendered it lacked jurisdiction of the subject matter …"); *United States v. One*

26 *Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (A void judgment is a

27 "nullity."); *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir. 1986) (addressing

28 Fed.R.Civ.P. 60(b), "a void judgment is no judgment at all").

1   Though Rule 60(b) uses the permissive "may," "the law is settled that a court
2   lacks discretion under clause (4): if jurisdiction was absent, the court *must* vacate the
3   judgment as void." *On Track Transp. v. Lakeside Warehouse & Trucking*, 245
4   F.R.D. 213, 215 (E.D. Pa 2007) (emphasis in original). *See also Jordan v. Gilligan*,
5   500 F.2d 701, 704 (6th Cir. 1974), *cert. denied*, 421 U.S. 991, 95 S.Ct. 1996, 44
6   L.Ed.2d 481 (1975) ("A void judgment is a legal nullity and a court considering a
7   motion to vacate has no discretion in determining whether it should be set aside");
8   11 Wright & Miller § 2862 ("There is no question of discretion on the part of the
9   court when a motion is under Rule 60(b)(4) .... Either a judgment is void or it is
10  valid.").
11      In addition, though it is clear from the record that neither counsel nor the
12  court raised the March 4, 2010 Discharge Order at the time of the March 22, 2010
13  hearing: "A party cannot be precluded from raising the issue of voidness in a direct
14  or collateral attack because of the failure to object prior to, or at the time of, entry of
15  the judgment." *Jordan v. Gilligan*, *supra*, 500 F. 2d at 710.
16      It is undisputed that the Bankruptcy Court entered its order denying Movants'
17  Motion for Relief from Stay on March 22, 2010, some 18 days after the Discharge
18  Order.  The Bankruptcy Court had no jurisdiction to enter that order.  Therefore, it
19  must be vacated.
20                          **CONCLUSION**
21      For the foregoing reasons, Appellants respectfully request that the court
22  vacate the March 22, 2010 Order Denying Appellants' Motion for Relief from Stay
23  and the June 30, 2010 Order denying Appellants' Motion to Vacate Order and
24  dismiss the appeal as moot.
25
26
27
28

8

APPELLANTS' OPENING BRIEF

1   DATED: October 13, 2010

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RONALD M. GREENBERG,
   A PROFESSIONAL CORPORATION

BERKES CRANE ROBINSON & SEAL LLP

- and -

THE SHAPIRO LAW FIRM

By: _____
    RONALD M. GREENBERG
    Attorneys for Appellants
    MICHAEL ACKERMAN AND
    FLOYD KURILOFF

9

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and **not a party to
   this action.** I am employed in the County of Los Angeles, State of
4  California.  My business address is 333 South Grand Avenue, #2100, Los
   Angeles, California  90071.

5
        On October 13, 2010, I served true copies of the following
6  document(s) described as **APPELLANTS' OPENING BRIEF** on the
   interested parties in this action as follows:

7        Jeffrey S. Shinbrot, Esq.                    *Attorneys for Debtor/Appellee*
         jeffrey@shinbrotfirm.com                      JOSE EBER
8        JEFFREY S. SHINBROT, APLC
         8200 Wilshire Boulevard, Suite 400
9        Beverly Hills, CA  90211
         Tel:  (310) 659-5444
10       Fax: (310) 878-8304

11  ☒    **(BY MAIL)** I am "readily familiar" with the firm's practice of
12         collection and processing correspondence for mailing.  Under that
           practice it would be deposited with U.S. Postal Service on the same
13         day with postage thereon fully prepaid at Los Angeles, California in
14         the ordinary course of business.  I am aware that on motion of the
           party served, service is presumed invalid if postal cancellation date or
15         postage meter date is more than one day after date of deposit for
16         mailing on affidavit.

17  ☒    (Federal) I declare under penalty of perjury under the laws of the
18         United States of America that the foregoing is true and correct and
           that I am employed in the office of a member of the bar of this Court
19         at whose direction the service was made.

20       Executed on October 13, 2010, at Los Angeles, California.

21
                                              *Lynn Spencer*
22                                            Lynn Spencer
23

24  PAS01\162103.1
    ID\RMG - 019956/0999
25

26

27

28