RONALD M. GREENBERG, ESQ. (State Bar No. 035953)
rgreenberg@dykema.com
RONALD M. GREENBERG,
  A PROFESSIONAL CORPORATION
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1749
Facsimile:  (213) 457-1850

PETER J. MARCUS, ESQ. (State Bar No. 202602)
pmarcus@bcrslaw.com
BERKES CRANE ROBINSON & SEAL LLP
515 South Figueroa Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 955-1150
Facsimile:  (213) 955-1155

Attorneys for APPELLANTS
MICHAEL ACKERMAN AND FLOYD KURILOFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. CV10-7222 GW |
| JOSE EBER | *Hon. George H. Wu* |
| DEBTOR | |
| MICHAEL ACKERMAN AND FLOYD KURILOFF | Bankruptcy Court Case No. 2:09-bk-25103 BR |
| APPELLANTS | Adversary Case No. |
| v. | N/A |
| JOSE EBER | |
| APPELLEE | **APPELLANTS' REPLY BRIEF** |

1  Appellee's Answering Brief attempts to avoid the fact that the bankruptcy
2  court did not have jurisdiction to rule upon the issue raised in Appellants' Motion
3  for Relief from the Automatic Stay under 11 U.S.C. § 362 ("Motion for Relief from
4  Stay") by arguing:
5      1.    The bankruptcy court had jurisdiction to rule upon the Motion for
6  Relief from Stay issue because it had jurisdiction over the adversary proceeding at
7  the time it ruled upon the Motion for Relief from Stay; and
8      2.    11 U.S.C. § 524 replaced 11 U.S.C. § 362.
9  As shown below, neither of these reasons are valid. The bottom line is that
10  the bankruptcy court had no jurisdiction to rule on the Motion for Relief from Stay
11  because the Appellee's prior discharge rendered the Motion for Relief from Stay
12  moot. *Scruggs v. Lowman (In re Scruggs)*, 392 F.3d 124 (5th Cir. 2004). *See also*
13  *Schweitzer v. Harvey,* 2008 WL 553174 E.D. La. 2008); contained in Appellants'
14  Designation Of Items To Included In The Record On Appeal etc. filed on September
15  28, 2010 (Doc. No. 5) ("Appellants' Designation"), specifically Doc. No. 75
16  referenced therein.
17  Appellee's citation of, and reliance upon, *Sample v. Johnson,* 771 F.2d 1335
18  (9th Cir. 1985) is difficult to understand. To begin with *Sample* supports Appellants'
19  position on standard of review. As stated by the court: "We apply a *de novo*
20  standard for reviewing a district court's decision on subject matter jurisdiction, see
21  *Fort Vancouver Plywood Co. v. United States,* 747 F.2d 547, 549 (9th Cir. 1984)
22  and, concomitantly apply that standard in reviewing questions of mootness." Id. at
23  1338.
24  Second, *Sample* supports Appellants' position on the mootness issue. In
25  *Sample,* the plaintiffs sought to avoid a decision by the district court that their
26  claims were moot by relying upon an exception to the mootness rule which is based
27  upon the argument that the claims were "capable of repetition" in the future. Id. at
28  1338. The court held that the plaintiff's claims were not capable of repetition and

affirmed the district court's finding of no jurisdiction because of mootness.

In this case, the "capable of repetition" exception to the mootness jurisdiction rule has no application whatsoever. It is safe to say that in the lifetimes of Appellants and Appellee, there is no probability, or even possibility, that Appellants will ever again be in a position of having to seek relief from an automatic stay whose effect has ended. The existence of the adversary proceeding does not confer jurisdiction on the bankruptcy court to rule on a motion that became moot, and Appellee cites no authority for any such proposition.

Appellee also argues that even though Appellants' Motion for Relief from Stay had become moot, the discharge injunction afforded by 11 U.S.C. § 524 is the same as the automatic stay provided by 11 U.S.C. § 362. Therefore, even though Appellants have made no motion to lift the discharge injunction, and have no intent of making any such motion, this court should treat the bankruptcy court's order as one which denied a non-existent motion to lift the discharge injunction.

Appellants reliance upon 11 U.S.C. § 524 is misplaced. 11 U.S.C. § 524 is a discharge injunction which enjoins creditors from pursuing debtors with respect to debts that were discharged. Appellants' debt has not yet been discharged. 11 U.S.C. § 524 is not applicable. As stated in *In re Henry*, 266 B.R. 457, 473 (Bankr.C.D.Cal 2001):

> The automatic stay in a bankruptcy case does not last indefinitely. In a chapter 7 case for an individual, the automatic stay terminates when a discharge is granted or denied. In this case the discharge was granted on March 9, 1998. Upon the grant of a discharge, the automatic stay is replaced with the discharge injunction provided by § 524(a).
>
> The discharge injunction provision relevant to this case is § 524(a)(2), which provides that a bankruptcy discharge

3

>"operates as an injunction against ... an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived ...." *See Molloy v. Primus Automotive Fin. Servs.*, 247 B.R. 804, 815 (C.D.Cal.2000).

>The discharge injunction is permanent. It survives the bankruptcy case, and applies forever with respect to every debt that is discharged. Again, the Senate Report explains the impact of the injunction:

>The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph ... cover[s] any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employers, harassment, threats of repossession and the like.

In this matter, there has been no discharge of Appellants claim. In fact, Appellants' adversary claim was expressly excluded from the discharge. See Appellants' Designation, specifically Discharge of Debtor(s), entered on March 4, 2010 (Doc. No. 61).

With the automatic stay no longer in effect, Appellants pursued their claim of a right to arbitration by way of a motion to compel arbitration and to stay the adversary proceeding. That motion is not an 11 U.S.C. § 524 motion.

For the reasons set forth herein and in Appellants' Opening Brief, Appellants respectfully request that the court vacate the March 22, 2010 Order Denying Appellants' Motion for Relief from Stay and the June 30, 2010 Order denying Appellants' Motion to Vacate Order and dismiss the appeal as moot.

| | | |
|---|---|---|
| 1 | DATED: November 10, 2010 | RONALD M. GREENBERG, A PROFESSIONAL CORPORATION |
| 2 | | |
| 3 | | BERKES CRANE ROBINSON & SEAL LLP |
| 6 | | By: /s/ Ronald M. Greenberg |
| | | RONALD M. GREENBERG |
| 7 | | Attorneys for Appellants |
| 8 | | MICHAEL ACKERMAN AND FLOYD KURILOFF |

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, #2100, Los Angeles, California 90071.

On November 10, 2010, I served the foregoing documents described as **APPELLANTS' REPLY BRIEF** on all interested parties in this action as follows:

> US Trustee
> United States Trustee (LA)
> 725 S. Figueroa Street, 26th Floor
> Los Angeles, CA 90017

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 10, 2010, at Los Angeles, California.

*Lynn Spencer*
LYNN SPENCER

PAS01\161952.1
ID\RMG - 019956/0999